# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK LANGFORD,**          **CASE NO. 2:06-cv-619**
                                      **CRIM. NO. 2:01-cr-071**
                                      **JUDGE SMITH**
       **Petitioner,**            **MAGISTRATE JUDGE ABEL**

v.

**UNITED STATES OF AMERICA,**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant motion, respondent's return of writ, petitioner's reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely and barred by the applicable one-year statute of limitations.

## I. PROCEDURAL HISTORY

On April 5, 2001, petitioner was indicted on charges of conspiracy to distribute and to possess with the intent to distribute more than five grams of crack cocaine, three counts of distribution of crack cocaine, and one count of possession with the intent to distribute marijuana. On October 2, 2001, while represented by counsel and pursuant to a plea agreement, petitioner pleaded guilty to possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On January 16, 2002, he was sentenced to 146 months imprisonment, plus three years supervised release. Doc. No. 47. On August 13, 2002, the United States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction and sentence. *United States v. Langford*, 44 Fed.Appx.

700, unpublished, 2002 WL 1869441 (6th Cir. August 13, 2002); *see* Doc. No. 55.

On July 21, 2006, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. As his sole claim for federal habeas corpus relief, petitioner asserts that, because his two prior Ohio drug convictions have been declared "void ab initio" *see Exhibit A to Petition*, by the state courts, which convictions were used to classify him as a career offender, he is entitled to be re-sentenced on his federal drug conviction underlying this motion. Respondent opposes petitioner's request.

## II. STATUTE OF LIMITATIONS

A federal habeas corpus petition under 28 U.S.C. §2255 must be filed within one year of the date that the judgment of conviction became final. 28 U.S.C. §2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Ordinarily, the statute of limitations begins to run on the date that the judgment of conviction becomes final, *i.e.*, at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002), citing *Johnson v. United* States, 246 F.3d 655, 657 (6th Cir. 2001). Here, that date is November 12, 2002, ninety days after ten days after the United States Court of Appeals for the Sixth Circuit affirmed petitioner's conviction, on August 14, 2002, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. The statute of limitations expired one year later, on November 12, 2003. Petitioner waited more than two and one half years later, until July 21, 2006, to file the instant §2255 petition.

However, the United States Supreme Court has held that where, as here, petitioner's §2255 claim asserts that he was improperly sentenced results from a vacatur of state court convictions used to classify him as a career offender and enhance his federal sentence, the statute of limitations begins to run under §2255¶6(4) on the date that petitioner received notice of the state court vacatur of his convictions, provided he has acted diligently from the date of the federal judgment against him to obtain the state court vacatur. *Johnson v. United States*, 544 U.S. 295, 310 (2005). In *Johns*on, the defendant waited more than three years after the entry of judgment against him to attack his predicate convictions in the state courts. The Supreme Court held that such delay, or a delay of over 21 months, failed to reflect diligence so as to permit filing of the §2255 petition under §2255¶(4). *Id.*, at 311.

Here, the record reflects that petitioner knew at sentencing that his prior state court convictions that have since been vacated, *i.e.*, his prior convictions on aggravated trafficking which should have been charged in the juvenile court, but resulted in adult felony convictions because he gave police a fictitious name and date of birth, were being used to classify him as a career offender

3

and to enhance his sentence under the United States Sentencing Guidelines. *See PreSentence Investigation Report*, ¶¶45-46; 104-106; *Sentencing Transcript*, January 16, 2002, at 11. Petitioner objected to use of these prior convictions at sentencing, and requested a continuance so that he could attempt to vacate the convictions in state court. *Sentencing Transcript,* January 16, 2002, at 5-7. He stated that his state court public defender was in the process of attempting to overturn these prior convictions. *Id.*, at 7. The District Court denied petitioner's request for a continuance. *Id.*, at 9. Upon recommendation of the probation officer and agreement of the government, the Court instead granted a one level departure in petitioner's criminal history category (from VI, to V) "to more accurately represent the defendant's criminal history." *Id.*, at 10.

Still, the record indicates that petitioner waited more than two and one half years after he was sentenced, until August 4, 2004, to file a motion to vacate his prior convictions in the state trial court. *See Exhibit A* to Petition. On June 6, 2006, the Franklin County Court of Common Pleas granted petitioner's motion. *Id.* Petitioner has offered no explanation for this delay.

Under these circumstances, the Magistrate Judge concludes that petitioner failed to act diligently in pursuing the vacatur of his state court convictions, and §2255¶6(4) is not available to him. *See Johnson v. United States, supra*, 544 U.S. at 311. This action therefore is barred by the one years statute of limitations. The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge
